IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. ISAAC BRUNSON, <br><br> Plaintiff, <br><br> v. <br><br> DEKALB COUNTY SCHOOLS, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:19-cv-03819-WMR-RDC |

## **ORDER**

Before the Court is Plaintiff Dr. Isaac Brunson's Motion for Sanctions, (Doc. 96), requesting that this Court "impose the appropriate penalties and sanctions" on Defendant DeKalb County Schools (the "County") owing to the failure of a former school official to appear at a deposition noticed for July 1, 2021. (Doc. 96). He has not submitted "a declaration and the appropriate documentation" to support his request, as required by this Court's earlier Guidelines for Discovery and Motion Practice, (Doc. 45 ¶ 11(e)), nor has he identified with specificity the nature of the sanctions sought. The County has responded in opposition, submitting several items including email exchanges between the parties. (Doc. 98). For the reasons below, the motion is **DENIED**.

Discovery in this employment-discrimination matter, initiated on August 23,

2019, was slowed, in part, due to pandemic-related restrictions on in-person depositions and the fact that Dr. Brunson does not own a personal computer, which severely limited his ability to attend virtual depositions in the alternative. Nevertheless, after a teleconference with the parties, the undersigned set the discovery deadline for July 2, 2021. (Doc. 84).

On June 29, 2021, as the discovery deadline approached,[1] the County emailed Dr. Brunson with a proposed two-day, in-person deposition schedule set for July 1–2, 2021—the first day devoted to deposing various County officials, the second to deposing Dr. Brunson himself. (Doc. 98-4). Linda Woodard—a now-retired, former County official—was not on the County's proposed schedule. (*Id.*). Although Dr. Brunson had communicated his desire to depose Ms. Woodard, the County notified Dr. Brunson as early as May 2021 that Ms. Woodard was no longer employed by the County and would be unavailable for deposition before July 1, 2021 due to extended personal travels out of town. (Docs. 98-1, 98-2). In its proposed deposition schedule, the County explained that Ms. Woodard was still traveling and its efforts to contact her had been unsuccessful. (Doc. 98-4). On June 30, 2021, Dr. Brunson confirmed via email that the County's proposed schedule—*sans* Ms. Woodard—was

---

[1] The County twice filed notice of Dr. Brunson's earlier failure to appear for noticed depositions in June 2021. (Docs. 89, 92). Dr. Brunson filed an objection to such notices, (Doc. 94), to which the County responded with a detailed summary of its efforts to schedule depositions with Dr. Brunson over the last several weeks of the discovery period, as supported by email exchanges and FedEx delivery confirmations, (Doc. 97).

"acceptable." (Doc. 98-5). That same day, however, Dr. Brunson issued a notice of depositions (not filed with the Court), that included Ms. Woodard. (Doc. 98-6).

Per the parties' email agreement, Ms. Woodard did not show up for deposition the next day, July 1, 2021. However, nearly three weeks later and after the discovery period ended, Dr. Brunson filed the pending Motion for Sanctions, seeking to penalize the County for her absence. According to Dr. Brunson, as a former Human Resources Director for the County, Ms. Woodard possesses relevant information regarding, among other things, the County's hiring practices and the development and implementation of its employment policies. (Doc. 96). That said, Dr. Brunson did not timely move—and still apparently does not seek—to compel Ms. Woodard's testimony. Instead, he requests only that the County be sanctioned for Ms. Woodard's failure to appear for deposition.

Pursuant to Rule 37(d)(1)(A)(i), the Court may order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Here, Ms. Woodard is not "a party" to this action. More importantly, nor has Dr. Brunson shown that she is an "officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)." For that reason, there is no basis to sanction the County. Moreover, because she is no longer an employee, the County could not compel her testimony

3

in any event. Evidence submitted by the County shows that it nevertheless attempted to arrange Ms. Woodard's deposition, but it notified Dr. Brunson several weeks before the close of discovery that her availability was limited. Yet, Dr. Brunson did not move for a short-term extension of the discovery period to account for that limitation, and, in fact, he agreed to the County's proposed deposition schedule from which she was omitted.

Emails and other evidence shows that the County made repeated efforts to coordinate depositions during the discovery period, that it alerted Dr. Brunson to Ms. Woodard's limited availability weeks in advance, that he signed off on the County's deposition schedule set for the eve of the discovery deadline that did *not* include Ms. Woodard, that the County had no power to compel her testimony, and that Dr. Brunson himself took no action on the matter until roughly three weeks after the close of discovery. *See* (Doc. 45 (noting that "counsel or the *pro se* party should promptly initiate a conference call to the court with opposing counsel for a pre-motion conference" to resolve any deposition-related objections)). For these reasons, the undersigned concludes that no sanctions are warranted, and Dr. Brunson's Motion, (Doc. 96), is **DENIED**.

IT IS SO **ORDERED** on this 2nd day of August 2021.

                                                                        _R. Cannon_
                                                                        REGINA D. CANNON
                                                                        United States Magistrate Judge