# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DR. ISAAC BRUNSON,<br><br>Plaintiff,<br><br>v.<br><br>DEKALB COUNTY SCHOOLS,<br><br>Defendant. | CIVIL ACTION NO.<br>1:19-cv-03819-WMR-RDC |

## ORDER

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 114], which recommends this Court grant the motion for summary judgment filed by Defendant DeKalb County Schools (the "School District") [Doc. 100] on Plaintiff Dr. Isaac Brunson's age discrimination claim. For the reasons discussed herein, the Court grants summary judgment to the School District.

## I.  Standard of Review

In reviewing the R&R, this Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.* Here, Dr. Brunson timely filed objections to the R&R [Doc. 118], so the Court reviews the R&R *de novo*.

**II.    Background**

In early January 2019, a music teacher position opened at Pleasantdale Elementary School (the "School"). [Doc. 114 at 4.] Principal Jocelyn Harrington, who was solely responsible for the hiring decision, requested that human resources create a job posting for the open position. [*Id.* at 2, 4.] On January 14, the position was posted on PATS, the School District's electronic application system. [*Id.* at 4.]

John Jenkins applied for the open music teacher position on January 16 and was interviewed by Principal Harrington on January 18. [*Id.*] Principal Harrington was impressed by Mr. Jenkins and contacted human resources on January 22 about hiring him. [*Id.* at 5.] Mr. Jenkins had not yet submitted all of the required paperwork, so human resources advised Principal Harrington to wait a bit longer to see if anyone else applied. [*Id.*] On January 30, Principal Harrington logged into PATS and pulled a list of the applicants as of that date. [*Id.*] She interviewed a few of those applicants on February 6 and 11, but after the interviews she still wanted to hire Mr. Jenkins. [*Id.* at 5–6.] Principal Harrington emailed Mr. Jenkins on February 13 about finalizing the recommendation for hire. [*Id.* at 6.] Principal Harrington confirmed with human resources that she wanted to hire Mr. Jenkins on February 20, and Mr. Jenkins accepted the job offer on February 21. [*Id.*]

Dr. Brunson, 63 years old, has an extensive educational background in music, holds a teaching license, and has prior experience teaching music education. [*Id.* at 2–3.] Dr. Brunson was a substitute teacher at the School between January and May 2019 and learned of the open music teacher position shortly after starting as a substitute. [*Id.* at 2.] He applied electronically for the open position on February 8. [*Id.*] Between February 8 and 14, Dr. Brunson repeatedly told Radika Brown, the School's registrar, that he wanted to interview for the open position. [*Id.* at 3.] On February 19, Dr. Brunson gave Ms. Brown a letter that was addressed to Principal Harrington and that requested an interview, which Ms. Brown placed in Principal Harrington's mailbox. [*Id.*] The letter was the first time Principal Harrington learned of Dr. Brunson's interest in the open position. [*Id.*]

On February 20, while Principal Harrington and Dr. Brunson were discussing a separate issue, Principal Harrington told him to come back the next day to interview for the open position. [*Id.* at 4.] However, Dr. Brunson was unable to locate Principal Harrington on February 21 and was not interviewed. [*Id.*] As noted, Mr. Jenkins accepted the job offer to fill the open position on February 21. [*Id.* at 6.]

On March 8, Dr. Brunson filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). [*Id.*] After the EEOC issued a right-to-sue letter, Dr. Brunson, proceeding *pro se*, brought this action against the

3

School District and several school officials. [*Id.* at 6–7.] The Court dismissed all of Dr. Brunson's claims except one—his claim that the School District refused to hire him for the open position in violation of the Age Discrimination in Employment Act ("ADEA"). [*Id.* at 7; *see* Docs. 11, 39, 43.]

The School District now moves for summary judgment on Dr. Brunson's ADEA claim. [Doc. 100; Doc. 114 at 7.] In the R&R, the Magistrate Judge recommends granting the School District's motion for summary judgment for three reasons. [Doc. 114 at 16–17.] First, the Magistrate Judge found that Dr. Brunson has not established a *prima facie* case of age discrimination because he has provided no competent evidence that Mr. Jenkins was "substantially younger" than himself, which is one of the required elements. [*Id.* at 12–13.] Second, the Magistrate Judge determined that Dr. Brunson has failed to show that the School District's reason for not hiring him is pretextual. [*Id.* at 13–15.] Finally, the Magistrate Judge found that Dr. Brunson has not otherwise presented circumstantial evidence that creates a triable issue concerning the School District's discriminatory intent. [*Id.* at 15–16.] As noted, Dr. Brunson filed objections to the R&R. [Doc. 118.]

### III. Discussion

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a summary judgment motion,

4

"[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To assert a claim under the ADEA, a plaintiff "must establish that his age was the 'but-for' cause of the adverse employment action." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). When an ADEA claim is based on circumstantial evidence, as in this case,[1] courts ordinarily apply the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Liebman*, 808 F.3d at 1298.

Under this framework, the plaintiff must first establish a *prima facie* case of discrimination. *See id.* To establish a *prima facie* case of failure-to-hire

---

[1] As the Magistrate Judge found, there is no direct evidence of age discrimination in this case. [Doc. 114 at 9.] Dr. Brunson "objects to [the Magistrate Judge's] assertions that he did not provide evidence of disparate treatment due to the discrimination perpetrated on him" and lists harms he says he suffered as a result of not being hired, including emotional harm. [Doc. 118 at 11 (citing Doc. 114 at 10).] It is not entirely clear to what Dr. Brunson is objecting. The Magistrate Judge did not find that he failed to provide evidence of disparate treatment on page 10 of the R&R; on that page, the Magistrate Judge simply recited the relevant legal rules. [Doc. 114 at 10.] As noted, on the previous page, the Magistrate Judge did find that "Dr. Brunson has pled no facts to suggest direct evidence of age discrimination." [Doc. 114 at 9.] To the extent that is the finding to which Dr. Brunson objects, the Court agrees with the Magistrate Judge and notes that the harms Dr. Brunson lists in his objection are not direct evidence of discrimination. Instead, they are harms he supposedly suffered as a result of alleged discrimination.

discrimination under the ADEA, the plaintiff must show (1) he was a member of the protected group between the ages of 40 and 70; (2) he was not hired; (3) a substantially younger person filled the position; and (4) he was qualified to do the job. *See id.* If the plaintiff establishes the *prima facie* case, "the burden shifts to the employer to rebut the presumption of discrimination with evidence of a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* If the employer produces evidence of a legitimate, nondiscriminatory reason, then the burden shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination. *Id.*

Although this framework is one way for the plaintiff to show discriminatory intent, it is not the only way. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013). The plaintiff will also survive summary judgment if he "presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation marks omitted).

After conducting *de novo* review of the R&R, Dr. Brunson's objections to the R&R, and all other relevant parts of the record, the Court determines that summary judgment in favor of the School District is proper.

Under the *McDonnell Douglas* framework, assuming Dr. Brunson has established a *prima facie* case of age discrimination,[2] the burden shifts to the School District to provide a legitimate, nondiscriminatory reason for not hiring Dr. Brunson. *See Liebman*, 808 F.3d at 1298.  The Court agrees with the Magistrate Judge that the School District proffered a legitimate, nondiscriminatory reason for not hiring Dr. Brunson—specifically, that Dr. Brunson was not hired because, by the time Principal Harrington learned of his interest in the open position, she had already selected Mr. Jenkins and was in the process of finalizing that decision. [*See* Doc. 114 at 13–15; *see also* Doc. 100-1 at 14.]  Indeed, Principal Harrington testified that she did not learn of Dr. Brunson's interest in the position until she read his February 19 letter requesting an interview. [Doc. 105 at 8, 14–15.]  And, by that time, Principal Harrington had already decided to hire Mr. Jenkins. [*See* Doc. 100-3 at 5, 20.]

In his objections, Dr. Brunson argues that two individuals, Ms. Brown, the School's registrar, and Dr. Tracia Cloud, the School District's hiring manager, contradict Principal Harrington's assertion that she was not aware of his application.

---

[2] The Magistrate Judge found that Dr. Brunson has not established a *prima facie* case of age discrimination because he provided no competent evidence that Mr. Jenkins was "substantially younger" than himself, which is one of the required elements. [Doc. 114 at 12–13.] The Court need not reach this issue because, even assuming Dr. Brunson has established a *prima facie* case, he has not demonstrated that the School District's legitimate, nondiscriminatory reason for not hiring him is a pretext for discrimination. Dr. Brunson objects on three grounds to the Magistrate Judge's finding that he has not established a *prima facie* case [Doc. 118 at 5–7], but the Court need not resolve the objections because it does not reach this issue.

7

[Doc. 118 at 11.]  Specifically, "[t]hey contradict Harrington's claim of, suddenly and conveniently, not following her daily routine of checking her mailbox as part of her due diligence . . . ; the mailbox in which Mrs. Brown placed [Dr. Brunson's] hand-written request for an interview." [*Id.*]  The Court finds that this objection is immaterial and thus does not foreclose summary judgment.  Regardless of when Principal Harrington checked her mailbox (whether daily or not), Dr. Brunson testified that he wrote the letter on February 19, so Principal Harrington could not have seen the letter any earlier than February 19.  [Doc. 100-2 at 27–28, 30.]  By that time, Principal Harrington had already decided to hire Mr. Jenkins.  [*See* Doc. 100-3 at 5, 20.]

Because the School District has provided a legitimate, nondiscriminatory reason for not hiring Dr. Brunson, the burden shifts back to Dr. Brunson to show that the proffered reason is a pretext for discrimination.  *See Liebman*, 808 F.3d at 1298.  As the Magistrate Judge found, Dr. Brunson has failed to provide any evidence that the School District's proffered reason is pretextual.  [*See* Doc. 114 at 13–15.]  In his objections, Dr. Brunson disagrees with the Magistrate Judge's finding "that he did not introduce sufficient evidence to show that [the School District's] hiring explanation is pretextual" and argues that he "has shown that Principal Harrington's ignorance of [Dr. Brunson] applying for the music position is not true and contradicted by too many accounts." [Doc. 118 at 7–8.]  For support, he cites

two depositions and an affidavit. [*Id.* (citing Doc. 103 at 15; Doc. 104 at 16–17; Doc. 118 at 33–35).]

Contrary to his assertions, however, the cited evidence does not contradict the evidence in the record that Principal Harrington was unaware of Dr. Brunson's application when she made the final hiring decision. In the first cited deposition, Ms. Brown, the School's registrar, testified that she placed an envelope from Dr. Brunson in Principal Harrington's box. [Doc. 103 at 15, 19.] In the second deposition, Dr. Cloud, the School District's hiring manager, testified on the process for filling an open position. [Doc. 104 at 6, 16–17.] Finally, the cited affidavit appears to outline a school principal's typical day and responsibilities. [Doc. 118 at 33–35.] None of this evidence refutes Principal Harrington's testimony that she was unaware of Dr. Brunson's application until she received his February 19 letter, at which point she had already decided to hire Mr. Jenkins.

Although Dr. Brunson fails to show age discrimination under *McDonnell Douglas*, the Court recognizes that he can still survive summary judgment if he "presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Sims*, 704 F.3d at 1333. That means the record must present a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.*

Here, the Court agrees with the Magistrate Judge that "Dr. Brunson has not pieced together a 'convincing mosaic' of evidence to sustain his claim." [*See* Doc. 114 at 15–16.] As noted by the Magistrate Judge, and contrary to his objection, Dr. Brunson cannot show a triable issue concerning the School District's discriminatory intent simply based on his belief that he was more qualified for the position. [*Id.* at 15; Doc. 118 at 9–10.] But even if he could, his qualifications are ultimately irrelevant to the question of discriminatory intent when Principal Harrington had already decided to hire Mr. Jenkins by the time she became aware of Dr. Brunson's application, including his qualifications.

Dr. Brunson also objects to the Magistrate Judge's determination that he has not shown a "convincing mosaic" of circumstantial evidence of discrimination because he testified that Principal Harrington discriminated similarly against another employee on the basis of age. [Doc. 118 at 4–5.] Specifically, Dr. Brunson testified that Principal Harrington discriminated against Dr. Sherry Lomax by "[n]ot wanting to interview her." [Doc. 100-2 at 32–33.] Notably, however, Dr. Brunson also testified that he did not know whether Principal Harrington ultimately did not interview Dr. Lomax. [*Id.* at 34.] As such, it is not apparent that this is evidence of similar discrimination. In any event, like the Magistrate Judge, the Court finds that "this single vague anecdote does not reasonably suggest that Dr. Brunson was the

victim of a discriminatory practice perpetuated by Principal Harrington." [Doc. 114 at 16.]

Finally, Dr. Brunson argues in his objections that whether he has presented a "convincing mosaic" of evidence should be decided by a jury. [Doc. 118 at 8–9.] Dr. Brunson's objection ignores the relevant test. The test is not whether Dr. Brunson has presented a "convincing mosaic" of evidence to succeed on his claim; the test is whether Dr. Brunson has presented a "convincing mosaic of circumstantial evidence *that would allow a jury to infer* intentional discrimination." *Sims*, 704 F.3d at 1333 (emphasis added). It is not for a jury to decide whether a party has presented sufficient evidence for a case to go to the jury.

### IV. Conclusion

Accordingly, Dr. Brunson's objections [Doc. 118] are **OVERRULED**, and the School District's motion for summary judgment [Doc. 100] is **GRANTED**.

**IT IS SO ORDERED**, this 5th day of January, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE